# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:19-cv-00100-FDW

| | |
|---|---|
| COREY DELON GREENE, | ) |
| Petitioner, | ) |
| vs. | ) **ORDER** |
| ERIC A. HOOKS, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court upon pro se Petitioner Corey Delon Greene's Motion to Reconsider (Doc. No. 8) and Motion for Transcripts at Government Expense (Doc. No. 9).

## I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina, who, on April 1, 2019, filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, seeking to have his March 18, 2016 prison disciplinary conviction for attempting to receive an unauthorized recording device vacated. (Doc. No. 1.) This Court denied the Petition on November 17, 2019. (Doc. No. 3.)

Petitioner filed a notice of appeal in the Fourth Circuit Court of Appeals (Fourth Circuit). See Jan. 7, 2020 Let. to NCWD Clerk of Court (Doc. No. 5 at 1). The Clerk of the Fourth Circuit forwarded the notice of appeal to this Court, stating,

> In accordance with Rule 4(d) of the Federal Rules of Appellate Procedure, the notice [of appeal] has been date stamped and is being forwarded to your court for appropriate disposition. See FRAP 4(d) ("If a notice of appeal in either a civil or a criminal case is mistakenly filed in the court of appeals, the clerk of that court must note on the notice *the date when it was received* and send it to the district clerk. The notice is then considered filed in the district court *on the date so noted*.").

1

Id. (emphasis and alteration added). The notice of appeal was date stamped January 6, 2020, the date it was received in the Fourth Circuit.

Thereafter, the Clerk of this Court completed a standard Appeal Transmission Sheet, Doc. No. 6, and transmitted it, the notice of appeal, and the electronic record in this case to the Fourth Circuit. See Jan. 15, 2020 Docket Entries. The Transmission Sheet states that Petitioner's notice of appeal was filed on January 6, 2020. See Appeal Trans. Sheet (Doc. No. 6). On January 27, 2020, Petitioner filed the instant Motion to Reconsider, asserting that he placed his notice of appeal in the prison mailbox on January 1, 2020, that the "prison mail box rule" applies to him, and that his notice of appeal therefore should be considered filed on January 1, 2020. (Doc. No. 8.)

On February 6, 2020, Petitioner filed a document titled "Motion for Transcripts at Government Expense." (Doc. No. 9). These matters are ripe for review.

## II.    DISCUSSION

### A.    Motion to Reconsider

In his Motion to Reconsider, Petitioner contends he filed his notice of appeal in the Fourth Circuit on January 1, 2020, when he placed it in the prison mail system, not on January 6, 2020, when it was received in the Fourth Circuit. In Houston v. Lack, the Supreme Court held that a prisoner files a notice of appeal on the date he delivers "the notice to prison authorities for forwarding to the District Court." 487 U.S. 266, 270 (1988).

To the extent Petitioner is seeking reconsideration of the filing date this Court included in its Appeal Transmission Notice, he cannot obtain that relief in this Court. Federal Rule of Appellate Procedure 3(a) provides: "An appeal permitted by law as of right from a district court to a court of appeals shall be taken by filing a notice of appeal *with the clerk of the district court*

2

within the time allowed by Rule 4." Id. (emphasis added). The "notice must be directed to the clerk of the district court-delivery of a notice of appeal to prison authorities would not under any theory constitute a 'filing' unless the notice were delivered for forwarding to the district court." Houston, 487 U.S. at 272-273.

Petitioner placed his notice of appeal in the prison mail system for forwarding to the Fourth Circuit, not the district court. Accordingly, his notice of appeal was not filed until the date it was received in the Fourth Circuit, see Fed. R. App. P. 4(d), and his motion to reconsider shall be denied.

### B. Motion for Transcripts at the Government's Expense

Petitioner moves pursuant to Federal Rules of Appellate Procedure 10(b), 11(a), 24(c) and 28 U.S.C. § 753(f) for a copy of transcripts at the government expense. No hearing was held in this Court in Petitioner's § 2254 action, so there is no transcript of any associated federal proceeding. Moreover, Petitioner seeks to overturn a prison disciplinary infraction; prison disciplinary proceedings are not recorded, so there is no transcript for that proceeding either. As such, Petitioner's motion for transcripts shall be dismissed as he has not demonstrated there are any transcripts to be had.

**IT IS, THERFORE, ORDERED** that Petitioner's Motion to Reconsider (Doc. No. 8) is **DENIED**, and Motion for Transcripts at Government Expense (Doc. No. 9) is **DISMISSED**.

Signed: April 2, 2020

Frank D. Whitney
Chief United States District Judge

3